Walt PATTERSON, et al. *v.* Hon. John B. ROBBINS

88-108                                    749 S.W.2d 330

Supreme Court of Arkansas
Opinion delivered May 16, 1988

512

*Claudia Driver*, Asst. General Counsel, for appellant Dep't of Human Services; and *Robert Depper*, for appellants Robert E. Smith and Verdia Smith.

No response.

PER CURIAM. ■ The petitioners contend that the Probate Court of Garland County lacks jurisdiction of an adoption petition because the persons seeking to adopt are foster parents who lack standing. Although the petitioners are correct in noting that Ark. Code Ann. § 9-9-210(a)(3) (1987) provides that a petition for adoption shall state "the date the petitioner acquired custody of the minor and of placement of the minor and the name of the person placing the minor; and a statement as to how petitioner acquired custody of the minor," we do not interpret that language having to do with the contents of the petition as meaning that a person who does not have custody and with whom the child has not been "placed" has no standing. Standing to adopt is conferred by Ark. Code Ann. § 9-9-204 (1987), and that statute does not exclude persons who have served as foster parents of the minor to be adopted.

■■ In addition, Ark. Code Ann. § 9-9-207 (1987) gives the probate court authority to decide the issue raised by the foster parents whether the Department of Human Services, as legal guardian of the minor, has unreasonably withheld its consent to adopt. The foster parents' rights in that respect are not subject exclusively to the department's policies, the Arkansas Administrative Procedure Act, Ark. Code Ann. §§ 25-15-201 through 25-15-214 (1987), and circuit court review.

Petition for writ of prohibition denied.