The Honorable John Paul Wells State Representative 119 South Elm Street Paris, AR 72855-3807
Dear Representative Wells:
I am writing in response to your request for an opinion on the following questions:
 1. Is Arkansas Code Ann. § 9-27-341 the appropriate granting authority for a parent to terminate the non-custodial parent's parental rights? If not, under what authority may a custodial parent terminate the non-custodial parent's parental rights?
 2. Under what scenario would Ark. Code Ann. § 9-9-204(3) (which allows for an unmarried father or mother to adopt his or her child) be applicable if no such authority exists?
 RESPONSE
 Question 1 — Is Arkansas Code Ann. § 9-27-341 the appropriate grantingauthority for a parent to terminate the non-custodial parent's parentalrights? If not, under what authority may a custodial parent terminatethe non-custodial parent's parental rights?
The answer to the first part of this question is "no." Arkansas Code Annotated § 9-27-341 is part of the Arkansas Juvenile Code of 1989, as amended, A.C.A. § 9-27-301-362 (Repl. 2002 and Supp. 2007). It states in pertinent part: *Page 2 
 (a)(1)(A) This section shall be a remedy available only to the Department of Human Services or a court-appointed attorney ad litem.
 (B) It shall not be available for private litigants or other agencies.
 (2) It shall be used only in such cases when the department is attempting to clear a juvenile for permanent placement.
A.C.A. § 9-27-341 (Supp. 2007).
Termination of parental rights under A.C.A. § 9-27-341 plainly is a remedy available only to the Department of Human Services or a court-appointed attorney ad litem, and not to private litigants.M.T. v. Dep't of Human Servs., 58 Ark. App. 302, 306-07, 952 S.W.2d 177
(1997). See also Hudson v. Kyle, 352 Ark. 346, 349, 101 S.W.3d 202
(2003) (Hudson 1).
In response to the second part of this question, the Revised Uniform Adoption Act, A.C.A. § 9-9-201-224 (Rep. 2002 and Supp. 2007), sets out several grounds for termination of parental rights in connection with an adoption proceeding. See A.C.A. § 9-9-220 (Supp. 2007). The Arkansas Supreme Court has identified this statute, and A.C.A. §9-27-341, supra, as the two statutes that confer jurisdiction upon a circuit court to terminate parental rights. Hudson 1, supra,352 Ark. at 349.See also Hudson v. Kyle, 365 Ark. 341, 229 S.W.3d 890 (2006).
Question 2 — Under what scenario would Ark. Code Ann. § 9-9-204(3)(which allows for an unmarried father or mother to adopt his or herchild) be applicable if no such authority exists?
Arkansas Code Annotated § 9-9-204 is part of the Revised Uniform Adoption Act, noted above. This provision of the act confers standing to adopt. See Patterson v. Robbins, 295 Ark. 511, 749 S.W.2d 330 (1988). It identifies "[t]he unmarried father or mother of the individual to be adopted" among those who may adopt. A.C.A. § 9-9-204(3) (Rep. 2002).
Arkansas Code Annotated 9-9-220 (Supp. 2007) must be referenced to determine the scenarios, or grounds, for termination of parental rights in connection with an *Page 3 
adoption proceeding. The court in Hudson 1, supra, stated the following regarding this Code section:
 Section 9-9-220 is part of the Arkansas Uniform Adoption Code, and sets out several grounds for termination of parental rights, but only in connection with an adoption proceeding. Subsection (a) deals with termination of parental rights in an adoption proceeding by voluntary relinquishment of those rights by the parent. Subsection (c) outlines some of the grounds for involuntary termination of parental rights, but because of the language "under this subchapter," it is apparent that this termination is, once again, only appropriate when an adoption is contemplated. This is clarified by subsection (e), which gives private litigants and others the right to petition the court for termination of parental rights, but limits this right to petitions "made in connection with an adoption proceeding."
365 Ark. at 351.
The grounds outlined by A.C.A. § 9-9-220(c) for involuntary termination of parental rights in connection with adoption include "abandonment," id. at (1), "[n]eglect of abuse," id. at (2), and unreasonable withholding of consent, id. at (3).
I cannot opine further regarding the application of this Code section. Pursuant to A.C.A. § 25-16-701 (Repl. 2002), the Arkansas Attorney General is precluded from engaging in the private practice of law. Necessarily, therefore, the foregoing is not to be relied upon or offered as advice to private, third parties. Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL
 Attorney General *Page 1