Crystal Dawn CORLEY *v.* ARKANSAS DEPARTMENT OF
HUMAN SERVICES, Howard D. and Cathy Ann Dodgen,
James Thurman Corley

CA 93-1033                                        878 S.W.2d 430

Court of Appeals of Arkansas
Division I
Opinion delivered July 6, 1994
[Rehearing denied August 17, 1994.]

*Walters Law Firm, P.A.*, for appellant.

*Kay West Forrest*, for appellee ADHS.

*Sara M. Sawyer*, for appellees Howard D. and Cathy Ann Dodgen.

JAMES R. COOPER, Judge. The appellant is the mother of two children, Andrew Michael Corley, born November 12, 1990, and Amber Michelle Corley, born October 22, 1989. She appeals a chancery court order terminating her parental rights and granting the adoption of the children by the appellees, Howard D. Dodgen and Cathy Ann Dodgen. We affirm.

On January 22, 1991, Andrew Corley was admitted to Sparks Regional Hospital with multiple fractures. On January 25, 1991, the appellee Arkansas Department of Human Services obtained an order finding both children dependent/neglected/abused and took custody of them. The Dodgens subsequently petitioned for and were granted temporary custody of the children after a review hearing on May 16, 1991. The court conducted review hearings during the following two years and found the reunification attempts unsuccessful and continued custody with the Dodgens. The Dodgens subsequently petitioned for termination of the parental relationship and for adoption pursuant to Ark. Code

Ann. § 9-9-220 (Repl. 1993)[1]. After a hearing on May 17, 1993, the chancery court found that, although the parents had made some effort to comply with the terms of the case plan, there was not a reasonable likelihood in the future that they could comply with the case plan to the extent that the best interest of the children would mandate that they be returned to them. The chancellor found that it was in the best interest of the children that the parental rights be terminated and the Dodgens' petition for adoption be granted. On appeal, the appellant contends that the chancellor clearly erred in terminating her parental rights and in granting the adoption.

■■ Chancery cases are reviewed *de novo* on appeal, and we will reverse the chancellor's findings only if they are clearly erroneous or clearly against a preponderance of the evidence, giving due regard to the opportunity and superior position of the trial court to judge the credibility of the witnesses. *Jones* v. *Jones*, 43 Ark. App. 7, 858 S.W.2d 130 (1993); *Manuel* v. *McCorkle*, 24 Ark. App. 92, 749 S.W.2d 341 (1988). Our case law is clear that termination of parental rights is an extreme remedy and in derogation of the natural rights of the parents. *Anderson* v. *Douglas*, 310 Ark. 633, 839 S.W.2d 196 (1992). However, parental rights will not be enforced to the detriment or destruction of the health and well being of the child. *Burdette* v. *Dietz*, 18 Ark. App. 107, 711 S.W.2d 178 (1986).

Arkansas Code Annotated § 9-9-220 (Repl. 1993) provides in pertinent part:

(a) The rights of a parent with reference to a child, including parental right to control the child or to withhold consent to an adoption, may be relinquished and the relationship of parent and child terminated in or prior to an adoption proceeding as provided in this section.

. . .

(c) In addition to any other proceeding provided by

---

[1] Arkansas Code Annotated § 9-27-306(b)(1) (Repl. 1993) vests jurisdiction of adoptions under the Revised Uniform Adoption Act in the juvenile court where they arise during the pendency of a dependent-neglected proceeding.

law, the relationship of parent and child may be terminated by a court order issued under the subchapter on any ground provided by other law for termination and the relationship, or on the following grounds:

. . .

(2) Neglect or abuse, when the court finds the causes are irremediable or will not be remedied by the parent.

A. If the parents have failed to make reasonable efforts to remedy the causes and such failure has occurred for twelve (12) months, such failure shall raise the rebuttable presumption that the causes will not be remedied.

B. If the parents have attempted to remedy the causes but have failed to do so within twelve (12) months, and the court finds there is no reasonable likelihood the causes will be remedied by the eighteenth month, such failures shall raise the rebuttable presumption that the causes will not be remedied.

At the final hearing, Kathy Clark, a psychological examiner, testified that the appellant had substantially improved and that her behavior was less impulsive. However, she stated that the appellant had not taken responsibility for the physical abuse to her children. She went on to state that she could not say that the causes of abuse had been remedied. The appellant's case worker, Monica Eisenhower, testified that the appellant had complied with all the terms and conditions of her case plan. She stated that she had seen a substantial improvement in the appellant, that she was more stable and was maintaining a job and housing. However, she stated that she would recommend termination of parental rights because of the seriousness of the abuse and because it was in the best interest of the children. She noted that the appellant had never admitted to the seriousness of the abuse. At the time of the hearing, the appellant was nineteen years old and separated from the children's father. She testified that she had been in her present job for ten and a half months, received her GED, and completed counseling. She stated that she went to parenting classes and visited with her children as regularly as she could. She admitted that Andrew had been in her

custody when he was injured. However, she stated that she did not know how he had been injured or who had hurt him. She stated that she was not responsible for his injuries and could guarantee that it would not happen again but that she could not have prevented it before. Therefore, we hold the chancellor's finding that the causes of abuse have not been or will not be remedied was not clearly erroneous. Thus, he did not err in terminating the appellant's parental rights.

A chancery court may grant a petition for adoption if it determines at the conclusion of a hearing that the required consents have been obtained or excused and that the adoption is in the best interest of the children. *In re Adoption of B.A.B.*, 40 Ark. App. 86, 842 S.W.2d 68 (1992). In cases involving minor children, a heavier burden is cast upon the trial court to utilize to the fullest extent all its powers of perception in evaluating witnesses, their testimony, and the children's best interests. *Id.* This Court has no such opportunity and we know of no case in which the superior position, ability, and opportunity of the trial court to observe the parties carries as great a weight as one involving minor children. *Id.*

Ms. Eisenhower recommended that the Dodgens be allowed to adopt the children. She noted that the children had been with the Dodgens for two years and that some kind of permanency and stability needed to be established. She stated that she thought the ideal situation for the children would be permanent custody with the Dodgens and visitation with the appellant. The Dodgens testified that they were close to the children and could provide a loving home for them. They testified that the children were doing well in their custody but that Amber misbehaved after visitation with the appellant. A home study was conducted which indicated that the Dodgens had adequate income to care for the children and that they could provide a nurturing home for them. James Corley, the father of the children, testified that he was not in compliance with his case plan and that if he could not have the children, he wanted the Dodgens to adopt them.

After reviewing the record, we conclude that the chancellor did not err in finding that it was in the best interest of the children to be adopted by the Dodgens.

Affirmed.

JENNINGS, C.J., and ROGERS, J., agree.