2013 Ark.App. 260

**Stacy ARNOLD and Kenneth Kitchen, Appellants**

v.

**ARKANSAS DEPARTMENT OF HUMAN SERVICES and Minor Child, Appellees.**

No. CA 13–30.

Court of Appeals of Arkansas.

April 17, 2013.

Leah Lanford, Arkansas Public Defender Commission, for appellant.

No response.

KENNETH S. HIXSON, Judge.

Appellants Kenneth Kitchen and Stacy Arnold have appealed from the termination of parental rights to their seven-year-old daughter, S.K. The appellants' counsel has filed a no-merit brief and motion to be relieved, stating that there is no issue of arguable merit to advance on appeal and that she should be relieved of counsel. We affirm and grant the attorney's motion to be relieved as counsel.

In compliance with *Linker–Flores v. Arkansas Dep't of Human Servs.*, 359 Ark. 131, 194 S.W.3d 739 (2004), appellants' counsel has ordered the relevant portions of the record, Ark. Sup.Ct. R. 6–9(c), and examined it for adverse rulings, explaining why each ruling would not support a meritorious argument for reversal, Ark. Sup.Ct. R. 6–9(i). The attorney's brief and motion to be relieved were mailed to the appellants at their last known addresses, along with a letter informing appellants of their right to file pro se points.[1] However, neither appellant has filed any pro se points.

We review termination of parental rights cases de novo. *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40

---

1. The attorney's brief and motion to be relieved of counsel were mailed to appellants at the addresses provided by their attorney in the certificate of service. The packet to appellant, Kitchen, was served. The packet to appellant, Arnold, was returned undelivered on February 1, 2013, as "Not at this address."

S.W.3d 286 (2001). At least one statutory ground must exist, in addition to a finding that it is in the child's best interest to terminate parental rights; these must be proved by clear and convincing evidence. Ark.Code Ann. § 9–27–341 (Supp.2011); *M.T. v. Ark. Dep't of Human Servs.,* 58 Ark.App. 302, 952 S.W.2d 177 (1997). Clear and convincing evidence is that degree of proof that will produce in the factfinder a firm conviction as to the allegation sought to be established. *Anderson v. Douglas,* 310 Ark. 633, 839 S.W.2d 196 (1992). The appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *J.T. v. Ark. Dep't of Human Servs.,* 329 Ark. 243, 947 S.W.2d 761 (1997).

The appellants have been involved with the Arkansas Department of Human Services for several years. On September 7, 2007, S.K. was taken into emergency DHS custody as a result of both parents being incarcerated. S.K. remained in foster care from September 7, 2007, through June 16, 2009, during which time the appellants were provided a full range of DHS services. When S.K. was returned to the custody of her mother on June 16, 2009, DHS was ordered to maintain a protective-services case.

On March 13, 2012, DHS again filed a petition for emergency custody of S.K. Attached to the petition was an affidavit of a family-service worker alleging that Ms. Arnold was living in an apartment with a sex offender, and that she had recently been incarcerated. As a result of Ms. Arnold's incarceration, S.K. began staying with Mr. Kitchen in a motel room. S.K. was infested with head lice. On the same day DHS filed its petition, the trial court entered an ex parte order for emergency DHS custody. In its order, the trial court noted that Mr. Kitchen had also been arrested. S.K. has remained in foster care since that time.

On May 16, 2012, the trial court entered an adjudication order finding S.K. to be dependent/neglected. The trial court found that S.K. was dependent/neglected due to inadequate supervision, environmental neglect, and parental unfitness due to drug use. Among other things, both parents were ordered to remain drug free and submit to random drug screens, submit to a drug-and-alcohol assessment, complete parenting classes, maintain stable and safe housing, and maintain stable employment. At that time, the goal of the case was reunification.

On June 27, 2012, the trial court entered an order terminating reunification services. In that order, the trial court found that there was little likelihood that services to the family would result in successful reunification. The trial court noted in its order that this was the second time that S.K. had been in foster care, and that despite the appellants receiving full DHS services between September 2007 and June 2009, S.K. again had to be removed in March 2012 for the same reasons as before, that being no adequate caregiver and the drug use of the parents. On August 3, 2012, the trial court entered a permanency planning order that changed the goal of the case to termination of parental rights and adoption.

On August 6, 2012, DHS filed a petition to terminate both parents' parental rights. The termination hearing was held on September 24, 2012.

On October 11, 2012, the trial court entered an order terminating the parental rights of both parents. The trial court found by clear and convincing evidence that termination of parental rights was in the child's best interest, and the court specifically considered the likelihood that the child would be adopted, as well as the

potential harm of returning her to the custody of her parents as required by Ark. Code Ann. § 9–27–341(b)(3)(A) (Supp. 2011). The trial court also found clear and convincing evidence of the four following statutory grounds under subsection (b)(3)(B):

(i) *(a)* That a juvenile has been adjudicated by the court to be dependent-neglected and has continued to be out of the custody of the parent for twelve (12) months and, despite a meaningful effort by the department to rehabilitate the parent and correct the conditions that caused removal, those conditions have not been remedied by the parent.

. . . .

(iv) A parent has abandoned the juvenile[.]

. . . .

(vii) *(a)* That other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that return of the juvenile to the custody of the parent is contrary to the juvenile's health, safety, or welfare and that, despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances that prevent return of the juvenile to the custody of the parent.

(ix) *(a)* The parent is found by a court of competent jurisdiction, including the juvenile division of circuit court, to:

*(3)(A)* Have subjected any juvenile to aggravated circumstances.

*(B)* "Aggravated circumstances" means:

(i) . . . [A] determination has been made by a judge that there is little likelihood that services to the family will result in successful reunification [.]

DHS worker Terri Blanchard testified at the termination hearing. Ms. Blanchard stated that, while S.K. was living with her mother and the sex offender, S.K. had found methamphetamine and drug paraphernalia in the home. Ms. Blanchard testified that because of her history of being exposed to drugs, S.K. had much more knowledge about drugs than a young child should have.

Ms. Blanchard indicated that both of S.K.'s parents have longstanding issues with illegal drugs that neither has tried to rectify, and she thought S.K. should not have to wait in foster care and see if her parents get clean. Since the most recent order granting DHS emergency custody in March 2012, both parents had tested positive for THC on multiple occasions, and Mr. Kitchen had also tested positive for benzodiazepines and opiates. Ms. Blanchard testified that neither parent had worked diligently toward reunification or shown a genuine investment in complying with the case plan or the trial court's orders. Ms. Blanchard also stated that there has consistently been an issue with both parents being incarcerated. Ms. Blanchard thought that there would be a danger to the health and safety of S.K. if she were returned to her parents' custody, and Ms. Blanchard recommended termination of parental rights.

Ms. Blanchard testified that S.K. is doing very well in the custody of her foster family, and that she is highly adoptable. According to Ms. Blanchard, there was one-hundred percent likelihood that S.K.'s foster parents would adopt her if termination were granted.

Both Ms. Arnold and Mr. Kitchen testified at the termination hearing. They had reunited and lived in the same residence, and Mr. Kitchen had full-time employment. Ms. Arnold was unemployed but was seeking disability benefits. Ms. Ar-

nold stated that she took responsibility for her drug usage and was seeking help. She objected to termination of her parental rights, stating that she loved her daughter and thought she deserved a second chance. Mr. Kitchen stated that he probably has a problem with marijuana and was willing to get help. He stated that he has also done other drugs, although marijuana and alcohol are his drugs of choice.

In appellants' counsel's no-merit brief, she correctly asserts that there can be no meritorious challenge to the sufficiency of the evidence supporting termination. With regard to the best interest of the child, the trial court relied on evidence that returning S.K. to the custody of her parents would subject her to potential harm given her parents' continued drug use, which has in the past resulted in their arrests and incarceration. The trial court also found based on the testimony of Ms. Blanchard that there was a high likelihood that S.K. would be adopted upon termination.

The trial court found four statutory grounds supporting termination, but only one ground was necessary. *See Lee v. Ark. Dep't of Human Servs.*, 102 Ark.App. 337, 285 S.W.3d 277 (2008). The trial court found, pursuant to Ark.Code Ann. § 9–27–341(b)(3)(B)(ix)*(a)(3)*, that the parents had subjected S.K. to aggravated circumstances based on its determination that there was little likelihood that services to the family would result in successful reunification. In reaching this conclusion, the trial court relied on the appellants' positive drug screens as well as their drug-and-alcohol assessments that diagnosed both parents with cannabis and alcohol dependence. The evidence demonstrated that appellants had a lengthy history with DHS that was related to their drug use, resulting in S.K. being in foster care for combined periods of well over

two years. While both appellants indicated a willingness to seek treatment for their drug problems, we have recognized that a child's need for permanency and stability may override a parent's request to improve his or her circumstances. *See Henderson v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 191, 377 S.W.3d 362. The appellants' continued use of illegal drugs demonstrated their indifference to remedying the problems that prevented the return of S.K. to their custody. *See Carroll v. Ark. Dep't of Human Servs.*, 85 Ark.App. 255, 148 S.W.3d 780 (2004). Considering the evidence presented, the trial court's decision terminating the appellant's parental rights was not clearly erroneous and any appeal challenging the sufficiency of the evidence would be wholly without merit.

As appellants' counsel explains in her brief, there was only one potential adverse ruling other than the termination itself. After the State rested at the termination hearing, the trial court suggested that the evidence demonstrated an additional statutory ground not pled by DHS in its petition. Specifically, the trial court suggested that there was proof that S.K. had been adjudicated dependent/neglected, had continued outside of her parents' custody for twelve months, and that despite meaningful DHS efforts the parents had failed to remedy the conditions causing removal. The appellants objected to amending the pleadings in this respect unless DHS itself made the motion, and the trial court reserved ruling on the issue. However, at the conclusion of the evidence, DHS made a motion to amend its petition to conform to the proof, and the appellants' counsel expressed no objection, conceding that DHS had the right to amend its petition and request a finding on that statutory ground. Because appellants' objection was expressly abandoned, there was no ad-

verse ruling from which to appeal. Moreover, the statutory ground of aggravated circumstances was contained in DHS's petition, and that ground was sufficiently established by the proof.

After examining the brief presented, we conclude that appellants' counsel has complied with our requirements for no-merit cases and that this appeal is wholly without merit. Accordingly, we affirm the order terminating appellants' parental rights and grant their attorney's motion to be relieved from representation.

Affirmed; motion granted.

WYNNE and WOOD, JJ., agree.