

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-13-1056

|  |  |
| --- | --- |
| | **Opinion Delivered** April 9, 2014 |
| CARL SKAGGS | APPEAL FROM THE CIRCUIT |
| APPELLANT | COURT OF WASHINGTON |
| | COUNTY |
| V. | [NO. JV-12-228] |
| ARKANSAS DEPARTMENT OF | HONORABLE STACEY |
| HUMAN SERVICES and MINOR | ZIMMERMAN, JUDGE |
| CHILD | |
| APPELLEES | AFFIRMED |

**RHONDA K. WOOD, Judge**

Carl Skaggs appeals the termination of his parental rights to his son, J.S. Skaggs challenges the circuit court's finding that it was in the child's best interest to terminate Skaggs's parental rights. We find no error and affirm.

I. *Facts and Procedural History*

The Department of Human Services (DHS) placed J.S. in custody on May 8, 2012, after his mother admitted to using methamphetamine and valium during her pregnancy. DHS offered services to both parents, including random drug screens and drug-and-alcohol assessments.

The court terminated the mother's parental rights in October 2012. Shortly after the termination, Skaggs married the mother. He began missing visits with J.S. and failed to submit to random, court-ordered drug screens. On April 10, 2013, Skaggs tested positive



for methamphetamines and amphetamines on a hair-follicle test. In April 2013, the court found that Skaggs had failed to pay child support. The Department of Human Services filed a petition to terminate Skaggs's parental rights in May 2013, and in August 2013, the circuit court terminated them. At that point, J.S. had been out of the home for seventeen months. Skaggs filed a timely notice of appeal.

II. *Standard of Review and Applicable Law*

This court reviews termination-of-parental-rights cases de novo. *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001). Grounds for termination of parental rights must be proved by clear and convincing evidence. *M.T. v. Ark. Dep't of Human Servs.*, 58 Ark. App. 302, 952 S.W.2d 177 (1997). This court reviews the circuit court's finding that a disputed fact was proved by clear and convincing evidence for clear error and gives due regard to the opportunity of the trial court to judge the credibility of the witness. *Id*. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on review of the entire evidence is left with a definite and firm conviction that a mistake has been made. *Dinkins*, *supra*. Termination of parental rights is an extreme remedy and in derogation of the natural rights of parents, but parental rights will not be enforced to the detriment or destruction of the health and well-being of the child. *M.T.*, *supra*.

The termination of parental rights is a two-step process that requires the circuit court to find that the parent is unfit and that termination is in the best interest of the child. *L.W. v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 44, 380 S.W.3d 489. The first step requires proof of one or more of the statutory grounds for termination. Ark. Code Ann. §



9-27-341(b)(3)(B) (Supp. 2013). The second step requires consideration of whether the termination of parental rights is in the juvenile's best interest. Ark. Code Ann. § 9-27-341(b)(3)(A). Consideration of whether termination is in the juvenile's best interest includes the following: (1) the likelihood that the juvenile will be adopted if the termination petition is granted and (2) the potential harm, specifically addressing the health and safety of the child, caused by returning the child to the custody of the parent, parents, or putative parent or parents. Ark. Code Ann. § 9-27-341(b)(3)(A)(i)–(ii). The court, however, does not have to determine that every factor considered be established by clear and convincing evidence; instead, after considering all the factors, the evidence must be clear and convincing that the termination is in the best interest of the child. *L.W.*, *supra*.

Skaggs only challenges the circuit court's best-interest finding. Because he does not challenge the statutory grounds for the circuit court's findings, our review is limited to whether the circuit court erred when it found that termination was in J.S.'s best interest.

## III. *Discussion*

The circuit court did not err when it found that termination of Skaggs's parental rights was in J.S.'s best interest. The court made more than sufficient findings in regard to the adoptability of J.S. and the potential harm that might occur absent termination. First, the caseworker testified that if the court were to terminate Skaggs's parental rights, J.S would be adoptable. A caseworker's testimony that a juvenile is adoptable is sufficient to support an adoptability finding. *Cobbs v. Ark. Dep't of Human Servs.*, 87 Ark. App. 188, 189 S.W.3d 487 (2004). Further, the current foster parent testified that she would be willing to be the adoptive placement.

SLIP OPINION

Second, there was also clear evidence of potential harm. At the permanency-planning hearing, the circuit court found that it was contrary to J.S.'s best interest to return him to Skaggs's custody for the following reasons: (1) two weeks before the hearing, Skaggs had tested positive for methamphetamine; (2) he had failed to submit to weekly drug screens; (3) he had failed to pay child support; and (4) he had married the mother immediately following the termination of her parental rights.

Skaggs's continued use of illegal drugs and his failure to submit to weekly drug screens were evidence of potential harm to J.S. On April 10, 2013, Skaggs's hair-follicle drug screen tested positive for methamphetamines. This was more than a year after removal. Skaggs had struggled with illegal-drug addiction in the past and had served prison time for manufacturing methamphetamine. Evidence of continued illegal-drug use is sufficient to support a potential-harm finding. *Campbell v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 84, __ S.W.3d __.

Skaggs's marriage to the mother (whose parental rights had been terminated) was additional evidence of potential harm to J.S. The court adjudicated J.S. dependent-neglected based on his mother's illegal-drug use during her pregnancy. She, similarly to Skaggs, has a long history of substance abuse. The circuit court noted that she had her parental rights terminated to five other children. She continued to use drugs after J.S. had been placed in DHS custody. The court made findings that the mother could not properly and safely care for a child. Yet, following the termination of the mother's rights, Skaggs married her. The court did not err in its finding that Skaggs's marriage to the mother was detrimental to the child and created a significant risk of harm to J.S. Our courts have

affirmed termination cases in which a parent continues to have contact with someone who harmed the child through abuse or neglect. *See Tadlock v. Ark. Dep't of Human Servs.*, 2009 Ark. App. 841, 372 S.W.3d 403.

The circuit court concluded that, because J.S. was already in a home where the foster parent stood ready to adopt and because Skaggs continued to expose J.S. to potential harm due to drug use and possible contact with the mother, termination of Skaggs's parental rights was in the best interest of J.S. This finding was not clearly erroneous and we affirm.

Affirmed.

WYNNE and GRUBER, JJ., agree.

*Walters, Gaston, Allison & Parker*, by: *Troy Gaston*, for appellant.

*Tabitha B. McNulty*, County Legal Operations; and *Chrestman Group, PLLC*, by: *Keith L. Chrestman*, for appellees.