

Cite as 2014 Ark. App. 501

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-14-322

| | |
|---|---|
| DEBORAH COMPTON<br><br>APPELLANT<br><br>V.<br><br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN<br><br>APPELLEES | **Opinion Delivered** September 24, 2014<br><br>APPEAL FROM THE INDEPENDENCE COUNTY CIRCUIT COURT [NO. JV-12-82]<br><br>HONORABLE LEE WISDOM HARROD, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## KENNETH S. HIXSON, Judge

Appellant Deborah Compton appeals from the termination of her parental rights to her sons L.P.1, age five, and L.P.2, age two. Ms. Compton's counsel has filed a no-merit brief and a motion to withdraw, stating that this appeal is without merit and that she should be relieved of counsel. We affirm and grant appellant's counsel's motion to withdraw.

Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), appellant's counsel has ordered the relevant portions of the record, Arkansas Supreme Court Rule 6-9(c), and concluded that after a review of the record there are no issues of arguable merit for appeal, Rule 6-9(i). Appellant's counsel's brief was mailed to Ms. Compton's last known address, but the packet was returned as undeliverable. Therefore, no pro se points have been filed.

SLIP OPINION

We review termination-of-parental-rights cases de novo. *Dinkins v. Ark. Dep't of Human Servs.* 344 Ark. 207, 40 S.W.3d 286 (2001). At least one statutory ground must exist, in addition to a finding that it is in the child's best interest to terminate parental rights; these must be proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341 (Supp. 2013); *M.T. v. Ark. Dep't of Human Servs.*, 58 Ark. App. 302, 952 S.W.2d 177 (1997). Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Anderson v. Douglas*, 310 Ark. 633, 839 S.W.2d 196 (1992). The appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997).

This case began on April 9, 2012, when the Arkansas Department of Human Services (DHS) filed a petition for emergency custody of L.P.1 and L.P.2. Attached to the petition was an affidavit stating that DHS had taken a seventy-two-hour hold on the boys after Ms. Compton had been the victim of domestic violence committed by her boyfriend, Johnathan Propst,[1] in the presence of the children. Ms. Compton was taken to the emergency room for treatment of her injuries. A scratch was observed on L.P.'2s forehead after the incident, and Ms. Compton refused a drug test but admitted to taking hydrocodone without a prescription. On April 12, 2012, the trial court entered an order for emergency DHS custody.

---

[1]Ms. Compton identified Mr. Propst as the father of the children. Mr. Propst's parental rights were ultimately terminated as well, but he is not a party to this appeal.

The trial court adjudicated the children dependent-neglected effective on May 9, 2012. However, on July 12, 2012, the trial court entered an order returning the boys to their mother. Continued DHS services were ordered, and Ms. Compton was ordered to continue to stay at the domestic-violence shelter and to not leave there with the children without DHS approval.

DHS filed a subsequent petition for emergency custody on August 13, 2012. Attached to that petition was an affidavit stating that Ms. Compton had left the domestic-violence shelter with the children, and on the following day she tested positive for methamphetamine on a random drug screen. Based on that information, the trial court again ordered the children removed from Ms. Compton's care and into emergency DHS custody. The children were never returned to Ms. Compton after that.

A second adjudication order was entered on September 25, 2012, and in a March 27, 2013 permanency-planning order the trial court found that Ms. Compton had complied with the case plan and the goal remained reunification. However, in a review order entered on September 30, 2013, the trial court found that Ms. Compton was only partially compliant, had tested positive for illegal drugs on multiple occasions, and had continued to choose Mr. Propst over her children despite having been advised to sever contact with him. At that time the goal changed from reunification to termination of parental rights.

DHS filed a petition to terminate Ms. Compton's parental rights on October 29, 2013. The termination hearing was held on January 8, 2014, and Ms. Compton did not appear.

On January 10, 2014, the trial court entered an order terminating Ms. Compton's parental rights. The trial court found by clear and convincing evidence that termination of parental rights was in the children's best interest, and the court specifically considered the likelihood of adoption, as well as the potential harm of returning the children to the custody of their mother as required by Arkansas Code Annotated section 9-27-341(b)(3)(A). The trial court also found clear and convincing evidence of the following statutory grounds under subsection (b)(3)(B):

> (i)*(a)* That a juvenile has been adjudicated by the court to be dependent-neglected and has continued to be out of the custody of the parent for twelve (12) months and, despite a meaningful effort by the department to rehabilitate the parent and correct the conditions that caused removal, those conditions have not been remedied by the parent.
>
> . . . .
>
> (vii)*(a)* That other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the juvenile in the custody of the parent is contrary to the juvenile's health, safety, or welfare and that, despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances that prevent the placement of the juvenile in the custody of the parent.

In the no-merit brief, appellant's counsel correctly asserts that the only adverse ruling was the termination itself, and that there can be no meritorious challenge to the sufficiency of the evidence supporting termination of Ms. Compton's parental rights. DHS caseworker Caitlin Sammons testified that Ms. Compton tested positive for benzodiazepine in May 2013 and that she tested positive for methamphetamine in June 2013. In September 2013, Ms. Compton tested positive for methamphetamine, amphetamine, benzodiazepine, and THC. Ms. Compton admitted to Ms. Sammons that she had used methamphetamine while

SLIP OPINION

having custody of the children, and she also admitted to having a three-day methamphetamine binge after a third newborn child was taken into emergency DHS custody in July 2013.[2] Ms. Sammons had admonished Ms. Compton to seek drug treatment, but Ms. Compton never completed it.

In addition to her illegal-drug use, there was testimony that, despite multiple warnings to end her relationship with Mr. Propst because it impeded the return of her children, Ms. Compton refused. During the pendency of the case the police had been called multiple times to respond to domestic altercations between Mr. Propst and Ms. Compton. Moreover, Mr. Propst had a continuing history of criminal behavior, including shoplifting in which Ms. Compton was also implicated. CASA worker Diana Gray testified that time after time Ms. Compton chose Mr. Propst over her children.

Based on the evidence presented, it was clear that termination of parental rights was in the best interest of the children and that DHS proved statutory grounds. There was evidence that the children were adoptable, and if returned to Ms. Compton they would be at risk of harm due to Ms. Compton's habitual illegal-drug use and violent relationship with Mr. Propst. The children had been out of Ms. Compton's custody for well over twelve months, and despite appropriate family services, Ms. Compton had not remedied the conditions causing removal. Moreover, Ms. Compton's refusal to quit using drugs or terminate her relationship with Mr. Propst manifested an indifference to rehabilitating her circumstances that prevented the placement of the boys in her custody. The trial court's

---

[2]Ms. Compton's youngest child was not a party to these termination proceedings.

SLIP OPINION

decision to terminate Ms. Compton's parental rights was not clearly erroneous, and we agree that any appeal challenging the sufficiency of the evidence would be wholly without merit.

After examining the record and brief presented, we conclude that appellant's counsel has complied with our rules for no-merit cases and that this appeal is without merit. Consequently, we affirm the order terminating appellant's parental rights and grant her counsel's motion to be relieved from representation.

Affirmed; motion to withdraw granted.

PITTMAN and WALMSLEY, JJ., agree.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, fora ppellant.

No response.