

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–14–647

|  |  |  |
|---|---|---|
|  |  | **Opinion Delivered** November 19, 2014 |
| BRANDI SPENCER | | |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, ELEVENTH DIVISION [NO. 60JV-13-517] |
| V. | | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN | | HONORABLE PATRICIA JAMES, JUDGE |
| | APPELLEES | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## KENNETH S. HIXSON, Judge

Appellant Brandi Spencer appeals the April 2014 order of the Pulaski County Circuit Court terminating her parental rights to her son JA, born in July 2004, and her daughter JS, born in June 2005.[1] Spencer's attorney has filed a no-merit appeal based on *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004) and Arkansas Supreme Court Rule 6-9 (2014), asserting that there is no issue of arguable merit to an appeal of this termination order. Appellant's attorney's brief includes, as is required, a discussion of the sufficiency of the evidence to support termination of appellant's parental rights as well as a review of the record for adverse rulings and an explanation of why there could be no

---

[1]The children's putative father, Steven Spencer, voluntarily consented to the termination of his parental rights in an order filed in February 2014, and therefore he is not part of this appeal.

SLIP OPINION

meritorious argument raised on appeal. The attorney also filed a motion seeking permission to be relieved as counsel, which was served on all parties. The children's attorney ad litem and the Department of Human Services did not file a responsive brief, nor did appellant file any pro se points for us to consider. After carefully examining the record and the no-merit brief, we hold that appellant's counsel has complied with the requirements for no-merit parental-rights-termination appeals and that the appeal is wholly without merit. *Green v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 684. Accordingly, we affirm the termination order and grant counsel's motion to be relieved. *Id.*

It was undisputed that appellant was absent for most of these children's lives. JA and JS were living with their paternal grandfather, Thomas Spencer, in North Little Rock, Arkansas, when DHS took emergency custody of them in February 2013. The grandfather had legal guardianship over the children since December 2005. The reason for removal was that JS had made allegations of sexual abuse inflicted on her by her grandfather. A probable-cause order was entered later in February 2013, and the children were adjudicated dependent-neglected in May 2013. The trial judge found seven-year-old JS's testimony credible that she was sexually abused by more than one adult male family member.

The parents were ordered to cooperate with DHS and demonstrate progress, among other things. Appellant was not present; she was living out of state. The children remained in DHS custody in separate foster-care settings, and they were receiving therapy services to address their misbehavior issues. JA blamed his sister for them being removed from home.

In the fall of 2013, appellant was believed to be living in Las Vegas, Nevada. DHS was moving toward termination of parental rights. DHS's efforts to serve appellant directly were not successful, so DHS published a warning order in the newspaper. The trial court appointed appellant an attorney.

Although the hearing on DHS's petition to terminate parental rights was set for December 2013, appellant's attorney was granted a continuance for ninety days, in part due to her attorney's need to "find and consult with" her client. DHS, however, voluntarily dismissed its initial petition in January 2014. The trial court proceeded with a permanency-planning hearing, noting appellant's absence and failure to complete any services. Appellant's attorney was advised that no further continuances would be granted and that if appellant was opposed to termination of her parental rights, she needed to appear before the court. Steven Spencer voluntarily consented to termination of his parental rights in an order filed in February 2014.

Also in February 2014, DHS filed another petition to terminate appellant's rights, asserting four statutory grounds, all concerning appellant's abandonment of her children and lack of participation in the DHS case, and contending that it was in the children's best interest that parental rights be terminated. Appellant's whereabouts remained unknown, although it was believed that she moved from Nevada to Michigan. Appellant was served by warning order.

The hearing on DHS's petition was conducted in April 2014. At the beginning of the hearing, appellant's attorney requested that appellant, who was not present, be permitted to

participate by telephone. DHS and the children's attorney ad litem objected. The trial court concluded that this was too late to make such a request, appellant had already been granted continuances, and telephone testimony would not provide an opportunity to observe appellant's demeanor as part of assessing her credibility. Both children's foster mothers, a DHS case worker, and an adoption specialist testified. Court orders and court reports were entered into evidence for consideration.

Appellant's attorney argued against termination, seeking more time for appellant to become ready to take JA and JS. Both DHS and the children's attorney ad litem argued in favor of terminating parental rights.

After taking the issue under advisement, the trial judge entered a written order terminating appellant's parental rights. The trial judge found that DHS proved by clear and convincing evidence that it was in the children's best interest to terminate parental rights and that DHS had proved "several of the grounds." The trial judge found that appellant failed to maintain meaningful contact with her children, that she abandoned her children, and that she had never appeared or participated in this case. Appellant had not seen her children or had any contact with them for at least two years. Appellant was deemed a potential harm to the children due to her instability, her indifference or incapacity to become a suitable parent, and her unfitness. The children needed continued intensive therapy to address their issues, but the trial court found them "adoptable despite their issues." This appeal followed.

We review termination-of-parental-rights cases de novo. *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001). At least one statutory ground must exist,

in addition to a finding that it is in the children's best interest to terminate parental rights; these must be proved by clear and convincing evidence. *M.T. v. Ark. Dep't of Human Servs.*, 58 Ark. App. 302, 952 S.W.2d 177 (1997). Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Anderson v. Douglas*, 310 Ark. 633, 839 S.W.2d 196 (1992). The appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997). Credibility determinations are left to the fact-finder, here the trial court. *Moiser v. Ark. Dep't of Human Servs.*, 95 Ark. App. 32, 233 S.W.3d 172 (2006).

The purpose of the Juvenile Code is to provide permanency and stability in a child's life when it is not possible to return the child to the parent in a reasonable period of time, as viewed from the child's perspective. Ark. Code Ann. § 9-27-341(a)(3). A parent's past behavior is often a good indicator of future behavior. *Stephens v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 249, 427 S.W.3d 160. When presented as a no-merit appeal, our court must examine the findings to support the termination and any adverse rulings to determine whether an appeal would be wholly frivolous.

Appellant's attorney has provided our court with a compliant no-merit termination-of-parental-rights brief, and the attorney sufficiently explains why an appeal would be wholly without merit. Our examination of the record and brief satisfies us that an appeal of this termination case would be wholly without merit.

Affirmed; motion to withdraw granted.
HARRISON and WOOD, JJ., agree.
*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, for appellant.
No response.