LARRY D. VAUGHT, Judge *414 Appellant Max McKinney appeals the Craighead County Circuit Court's order terminating his parental rights to his son, M.M., based on its findings that McKinney's rights had previously been involuntarily terminated as to M.M.'s siblings and that termination is in the child's best interest. We affirm.
M.M. was born on August 23, 2016. At the time, his older siblings were already in foster care pursuant to an open dependency-neglect case.[1] The Arkansas Department of Human Services (DHS) removed M.M. from the physical custody of his mother, Natasha,[2] on September 8, 2016, after M.M. tested positive for opiates and Natasha tested positive for opiates and methamphetamine. On September 15, 2016, the circuit court entered an order finding that probable cause existed for removal. On November 8, 2016, the circuit court adjudicated M.M. dependent-neglected due to "parental unfitness-drug use of the mother" and "siblings in foster care." The circuit court found that McKinney did not contribute to the dependency-neglect but that he was not a fit parent for purposes of custody due to the open dependency-neglect case involving M.M.'s older siblings.
On January 12, 2017, the circuit court held a review hearing at which it found that McKinney had tested positive for various drugs on January 3, 2017, had not complied with various provisions of the case plan, and had been "inpatient at NEARRC since 1/3/17." The circuit court continued its order making visitation at DHS's discretion with the approval of the attorney ad litem.
On April 7, 2017, the circuit court held a review hearing at which it found McKinney to be M.M.'s biological and legal father based on the results of DNA testing. The circuit court also found that McKinney had not complied with various provisions of the case plan, including a failure to submit to random drug screens, because he had moved to Mississippi. The circuit court ordered McKinney to resolve his criminal matters and complete out-patient drug treatment.
On July 27, 2017, DHS filed a petition to terminate McKinney's parental rights. The circuit court continued the permanency-planning hearing until September 21, 2017, and appointed McKinney an attorney. On September 21, 2017, the circuit court held a permanency-planning hearing at which the court changed the goal to adoption.
On October 16, 2017, McKinney filed an answer to the petition for termination of parental rights in which he argued that the petition did not include the proper statutory citation for grounds and argued that the termination statute is unconstitutional and violates substantive due process.[3] The circuit court held a termination hearing on October 27, 2017, after which it entered a written termination finding that DHS had proved the "prior involuntary termination" ground and that termination was in M.M.'s best interest. The court found that McKinney's history of repeated incarceration[4] *415 impeded his ability to achieve stability. The court also found that McKinney had used drugs for over fifteen years, with his longest period of sobriety ending in 2012, and had not demonstrated sustained sobriety outside the prison setting. McKinney appealed.
We review termination-of-parental-rights cases de novo. Dinkins v. Ark. Dep't of Human Servs. , 344 Ark. 207, 40 S.W.3d 286 (2001). At least one statutory ground must exist in addition to a finding that it is in the child's best interest to terminate parental rights; these must be proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341 (Supp. 2017); M.T. v. Ark. Dep't of Human Servs. , 58 Ark. App. 302, 952 S.W.2d 177 (1997). Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. Anderson v. Douglas , 310 Ark. 633, 839 S.W.2d 196 (1992). The appellate inquiry is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. J.T. v. Ark. Dep't of Human Servs. , 329 Ark. 243, 947 S.W.2d 761 (1997) ; Tucker v. Ark. Dep't of Human Servs. , 2011 Ark. App. 430, 389 S.W.3d 1 ; Pine v. Ark. Dep't of Human Servs. , 2010 Ark. App. 781, 379 S.W.3d 703. Credibility determinations are left to the fact-finder. Moiser v. Ark. Dep't of Human Servs. , 95 Ark. App. 32, 233 S.W.3d 172 (2006).
The intent behind the termination-of-parental-rights statute is to provide permanency in a child's life when it is not possible to return the child to the family home because it is contrary to the child's health, safety, or welfare, and a return to the family home cannot be accomplished in a reasonable period of time as viewed from the child's perspective. Ark. Code Ann. § 9-27-341(a)(3). Even full compliance with the case plan is not determinative; the issue is whether the parent has become a stable, safe parent able to care for his or her child. Camarillo-Cox v. Ark. Dep't of Human Servs. , 360 Ark. 340, 201 S.W.3d 391 (2005) ; Cole v. Ark. Dep't of Human Servs. , 2012 Ark. App. 203, 394 S.W.3d 318. A parent's past behavior is often a good indicator of future behavior. Stephens v. Ark. Dep't of Human Servs. , 2013 Ark. App. 249, 427 S.W.3d 160. Termination of parental rights is an extreme remedy and in derogation of a parent's natural rights; however, parental rights will not be enforced to the detriment or destruction of the health and well-being of the child. Pine , supra.
McKinney's first argument on appeal is that the circuit court erred in finding that returning M.M. to his custody would pose a risk of harm to the child. We hold that there was sufficient evidence to support this finding. The circuit court considered the recent involuntary termination of McKinney's parental rights to M.M.'s siblings, in which we affirmed the risk-of-harm finding based on evidence that McKinney had been in drug treatment only two days, had a long history of leaving rehabilitation programs before successfully completing them, and would likely need more intensive drug treatment than a standard twenty-one-day inpatient rehabilitation program. McKinney , 2017 Ark. App. 475 at 19, 527 S.W.3d at 791. In that appeal, we also noted that McKinney had been in and out of jail for several months and had provided no proof of employment, income, or stable housing. Id. at 20, 527 S.W.3d at 790.
We note that in the time since we affirmed the risk-of-harm analysis in McKinney's previous appeal, he has demonstrated very little progress in reducing those risk factors. He completed inpatient treatment on January 24, 2017. However, he *416 was then directed to complete twelve outpatient sessions but completed only four. He testified that he had been using illegal substances, including methamphetamine, for the past fifteen years without being able to sustain any prolonged period of sobriety. McKinney also chose to move to Mississippi, even though the terms of his probation required him to live in Arkansas. Since his last appeal, he was incarcerated for revocation of his probation because he had committed a new drug-related offense. At the time of the termination hearing, he was serving a three-year sentence. Although he testified that he would be released in November 2017, he had not yet been approved for parole. McKinney had previously testified that he would be released in October 2017, which did not happen. In short, he could not predict his release date with any certainty, and continued uncertainty is itself potentially harmful to children. Brumley v. Ark. Dep't of Human Servs. , 2015 Ark. App. 90, at 14, 455 S.W.3d 347, 356.
Finally, McKinney continued a relationship with M.M.'s mother, Natasha. In Tadlock v. Arkansas Department of Human Services , 2009 Ark. App. 841, at 10, 372 S.W.3d 403, 409, we affirmed the termination of parental rights because the parent continued to have contact with someone who had harmed the children through abuse or neglect. In this case, McKinney married Natasha after her rights to their other three children had been terminated, and he testified that the last time he used meth in 2017, he used it with her. He violated the terms of his probation by living with her in Mississippi. In this case, McKinney remained married to Natasha even though this court affirmed in his previous appeal that their marriage was a subsequent factor demonstrating that return of M.M.'s siblings to McKinney's care was contrary to the juveniles' health, safety, and welfare. McKinney , 2017 Ark. App. 475, at 17, 527 S.W.3d at 789.
Here, we affirm the circuit court's finding that returning M.M. to McKinney's custody would subject the child to a risk of harm. A parent's past behavior is often a good indicator of future behavior. Stephens , 2013 Ark. App. 249, at 8, 427 S.W.3d at 164. When determining best interest, the issue is whether the parent has become a stable, safe parent able to care for his or her child. Schaible v. Ark. Dep't of Human Servs. , 2014 Ark. App. 541, at 8, 444 S.W.3d 366, 371. The evidenced presented below demonstrates that McKinney has not become a safe, stable parent able to care for M.M., and McKinney's long history of drug addiction, incarceration, and poor judgment supports the court's risk-of-harm finding.
McKinney's second argument on appeal is that there was insufficient evidence to support the court's finding that DHS made reasonable efforts at reunification. This argument is meritless because reasonable efforts were not required in this case. Under the juvenile code, reasonable efforts are a required element for termination on certain statutory grounds, but they are not required when a court of competent jurisdiction has found by clear and convincing evidence that the parent has had his or her parental rights involuntarily terminated as to a sibling of the child. Ark. Code Ann. § 9-27-303(48)(C)(vi). The circuit court found that McKinney's parental rights to M.M.'s siblings had been involuntarily terminated via order filed February 3, 2017, and we affirmed that decision on appeal in McKinney , 2017 Ark. App. 475, 527 S.W.3d at 788. Here, McKinney does not contest the circuit court's finding that his parental rights had previously been involuntarily terminated as to M.M.'s siblings. Therefore, *417 under the plain language of the statute, reasonable efforts are not required, and we affirm on this point.
Affirmed.
The previous case, which resulted in the termination of McKinney's parental rights as to M.M.'s older siblings, was affirmed in McKinney v. Arkansas Department of Human Services , 2017 Ark. App. 475, 527 S.W.3d 778.
Natasha is not a party to this appeal.
McKinney abandoned these arguments on appeal.
The evidence presented below shows that McKinney was incarcerated in February 2017, released briefly in April 2017, and then reincarcerated. He was moved to prison in May 2017 where he remained through the remainder of the case.