Cite as 2019 Ark. App. 598

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CV-19-677

| | |
|---|---|
| | **Opinion Delivered:** December 11, 2019 |
| CRYSTAL SMALLWOOD | |
| APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04JV-18-117] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD | HONORABLE THOMAS E. SMITH, JUDGE |
| APPELLEES | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Crystal Smallwood appeals a Benton County Circuit Court order terminating her parental right to her son, AM.[1] She challenges only the sufficiency of the evidence to support the grounds necessary for termination. Because the evidence was sufficient to support the grounds found by the trial court, we affirm.

On February 13, 2018, Smallwood gave birth to AM while incarcerated at Wrightsville Prison. The Arkansas Department of Human Services (DHS) exercised a seventy-two-hour hold on the child because Smallwood did not have any family to act as a caregiver for the child.

DHS filed a petition alleging dependency-neglect as a result of Smallwood's incarceration and the lack of a legal or appropriate caregiver or custodian for the child. The

---

[1]The parental rights of Joshua Smallwood, the legal father of AM, were also terminated. He did not appeal the termination order and is not a party to this appeal.

petition also noted that Smallwood had some mental health problems rendering her unable to care for the baby. The trial court adjudicated dependency-neglect in April 2018 based on Smallwood's incarceration and set the goal of the case as reunification with a concurrent goal of adoption.

Smallwood was released from prison in June 2018. The court continued to monitor the compliance of both Smallwood and DHS at review hearings held in July, August, and November 2018. At each hearing, the court found that Smallwood had only partially complied with the case plan and the court's orders and that DHS had made reasonable efforts to provide services and achieve reunification. After each hearing, the court continued custody of AM with DHS. Throughout this hearing process, Smallwood was represented by counsel. It does not appear in our record that counsel ever objected to the trial court's finding of reasonable efforts by DHS.

In the process of conducting these review hearings, the court became aware of the magnitude of Smallwood's mental health issues. The court also noted that Smallwood had lost custody of five other children, which it believed was cause for concern. Additionally, Smallwood was experiencing instability in housing and had been homeless on several occasions during the pending proceedings. The court indicated that it wanted to know from a psychiatrist if Smallwood had the capacity to care for AM and ordered Smallwood undergo a psychological evaluation.

The court conducted a permanency-planning hearing in December 2018. By this time, the court had been informed that Smallwood suffered from substance-abuse issues in addition to the issues of her mental health. The court ordered a substance-abuse evaluation and treatment, if recommended; random drug testing; and parenting classes. The court

2

found that AM could not be returned to Smallwood's custody at that time nor could it approve a plan to return AM to her custody within a reasonable time given her lack of housing. The court then changed the goal to adoption with a concurrent goal of guardianship.[2]

In January 2019, DHS filed a petition to terminate Smallwood's parental rights, alleging several grounds for termination: twelve-month failure to remedy; subsequent other factors; aggravated circumstances—little likelihood of successful reunification; and involuntary termination of another child.[3] The court conducted a hearing on the petition and entered an order terminating Smallwood's parental rights to AM. The court found that AM was adoptable and that there was potential harm in returning AM to Smallwood's custody. As such, it was in AM's best interest that Smallwood's parental rights be terminated. The court further found that DHS had presented sufficient proof on several statutory grounds, including twelve-month failure to remedy; subsequent other factors, and aggravated circumstances—little likelihood of successful reunification. The court did not make a finding as to the involuntary-termination ground alleged in the petition.

Smallwood appeals the termination decision, challenging the sufficiency of the evidence to support the statutory grounds for termination found by the court. Although the trial court found three grounds for termination and Smallwood challenges all three grounds,

---

[2]The maternal grandmother was granted a limited intervention for purposes of placement.

[3]As to the last ground, DHS alleged that four other children had been adopted by a stepparent without Smallwood's permission or consent.

only one ground is necessary to support the termination. *Brown v. Ark. Dep't of Human Servs.*, 2017 Ark. App. 303, 521 S.W.3d 183.

We review termination-of-parental-rights cases de novo. *Mitchell v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 715, 430 S.W.3d 851. At least one statutory ground must exist, in addition to a finding that is in the child's best interest to terminate parental rights; these must be proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341 (Supp. 2017); *M.T. v. Ark. Dep't of Human Servs.*, 58 Ark. App. 302, 952 S.W.2d 177 (1997). Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Anderson v. Douglas*, 310 Ark. 633, 839 S.W.2d 196 (1992). The appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Yarborough v. Ark. Dep't of Human Servs.*, 96 Ark. App. 247, 240 S.W.3d 626 (2006).

Arkansas Code Annotated section 9-27-341(b)(3)(B)(vii)*(a)* sets forth the subsequent-other-factors ground for termination: that other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the children in the custody of the parent is contrary to their health, safety, or welfare and that, despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances that prevent the placement of the children in the custody of the parent. *See also Arnold v. Ark. Dep't of Human Servs.*, 2019 Ark. App. 300, 578 S.W.3d 329.

4

Having reviewed the record before us, we conclude that the trial court did not clearly err in finding that DHS proved the subsequent-other-factors ground.

As to the subsequent-other-factors ground, Smallwood argues that DHS failed to present any evidence that she was either indifferent or lacked the capacity to remedy the subsequent factors identified by the court or that it had offered appropriate services to address those factors. Instead, she contends that she made progress once she had obtained services on her own thereby demonstrating that she could benefit from services. Furthermore, she contends that the failure of DHS to timely offer inpatient treatment to address her mental health and substance-abuse issues completely undermined the court's finding that timely and appropriate services would not result in reunification.

The trial court found that after the filing of the original petition for dependency-neglect, "subsequent other factors" arose—namely, mental health and substance-abuse issues. We agree. Subsequent to the filing of the original petition, Dr. George Deroeck performed a psychological evaluation of Smallwood. He opined that Smallwood was unstable and in need of a psychiatric assessment and stabilization of medications. In his opinion, she was also at a significant risk of relapse on controlled substances if she did not participate in mental health treatment and become stable on her medications. Lastly, he recommended that any contact Smallwood had with AM be supervised until she received an appropriate assessment and treatment. Even Smallwood's trial counsel admitted that Smallwood had factors that arose subsequent to the filing of the petition. In a responsive pleading, trial counsel stated to the court that since Smallwood's release from prison, the parties discovered that Smallwood has serious mental health issues, that a psychological

evaluation found Smallwood psychologically unready to parent the child, and that her medication would need to be stabilized.

The court also found that DHS had offered appropriate family services to Smallwood—including parenting classes; mental health and substance-abuse assessments; and offers of residential substance-abuse treatment. We agree. Sonya Harden-Ricks, a DHS caseworker, testified to her referral to Dr. Deroeck for the psychological evaluation and the referral for the mental health and substance-abuse assessment that was conducted in January 2019. Shannon Saindon, another DHS caseworker, testified as to the services that were offered to Smallwood, including mental health and substance-abuse referrals; parenting classes; and regular weekly visitation.

Lastly, the court found that despite the offer of appropriate family services, Smallwood refused to participate in those services designed to remedy her mental health and substance-abuse issues. We agree. Again, we note the testimony of Harden-Ricks. She testified that Smallwood received a recommendation to participate in residential substance-abuse treatment, but Smallwood refused residential treatment. She notified Smallwood of the recommendation on several occasions and even had her sign an acknowledgment of the recommendation; yet Smallwood refused to attend. She further testified that Smallwood tested positive for controlled substances on more than one occasion. She noted that Smallwood had been dropped from parenting classes twice due to nonattendance, and she remained homeless, living at the Salvation Army at the time of the hearing.

Here, the record clearly reflects that Smallwood was diagnosed with significant mental health and substance-abuse issues after the filing of the original petition. There was evidence presented that she denied her substance-abuse issues and refused to take advantage

of the referral for the recommended inpatient treatment. She tested positive for controlled substances on more than one occasion. There was no evidence that her mental health issues had sufficiently stabilized or that her issues were being adequately managed medically. She was dropped from parenting classes for failure to attend. Except for the time period in which she was incarcerated, she was homeless throughout these proceedings. Only at the eleventh hour did she develop potential housing and employment. DHS offered her services to try to remedy her issues and reunite her with her child, but Smallwood simply failed to avail herself of those services. A parent's lack of compliance with the case plan and court orders—including testing positive for drugs—supports termination of parental rights under the "subsequent factors" ground. *Furnish v. Ark. Dep't of Human Servs.*, 2017 Ark. App. 511, 529 S.W.3d 684. As for her argument that DHS failed to provide housing and employment services, the court made repeated reasonable-efforts findings in its review and permanency-planning orders, and Smallwood never appealed those findings. And as for her challenge to the timeliness of the substance-abuse-treatment referral, such argument is irrelevant because she refused to avail herself of those services once they were offered.

In light of the foregoing, we affirm.

Affirmed.

HIXSON and BROWN, JJ., agree.

*Tabitha McNulty*, Arkansas Commission for Parent Counsel, for appellant.

*Ellen K. Howard*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor child.

7