SLIP OPINION

Cite as 2016 Ark. App. 208

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-15-1031

| | |
|---|---|
| BRANDON SHAFFER<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD<br><br>APPELLEES | Opinion Delivered: APRIL 13, 2016<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23JV-14-99]<br><br>HONORABLE DAVID M. CLARK, JUDGE<br><br>AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Brandon Shaffer appeals the termination of his parental rights to his daughter, HS, born in October 2012. The child's mother, Amanda Flynn, consented to the termination of her parental rights to HS, so she is not a party to this appeal. Appellant contends that neither of the statutory grounds alleged by the Department of Human Services ("DHS") against him are supported by clear and convincing evidence, such that reversal is mandated. We disagree and affirm.

Termination of parental rights appeals are reviewed de novo, but our court does not reverse in the absence of clear error. *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001); *Drake v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 475, 442 S.W.3d 5. At least one statutory ground must exist, in addition to a finding that it is in the child's best interest to terminate parental rights; these must be proved by clear and

convincing evidence.  Ark. Code Ann. § 9-27-341 (Repl. 2015); *M.T. v. Ark. Dep't of Human Servs.*, 58 Ark. App. 302, 952 S.W.2d 177 (1997).  Clear and convincing evidence is that degree of proof that will produce in the fact finder a firm conviction as to the allegation sought to be established.  *Anderson v. Douglas*, 310 Ark. 633, 839 S.W.2d 196 (1992).  The appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous.  *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997); *Tucker v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 430, 389 S.W.3d 1; *Pine v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 781, 379 S.W.3d 703.  Credibility determinations are left to the trial court.  *Moiser v. Ark. Dep't of Human Servs.*, 95 Ark. App. 32, 233 S.W.3d 172 (2006).

The intent behind the termination-of-parental-rights statute is to provide permanency in a child's life when it is not possible to return the child to the family home because it is contrary to the child's health, safety, or welfare, and a return to the family home cannot be accomplished in a reasonable period of time as viewed from the child's perspective.  Ark. Code Ann. § 9-27-341(a)(3).  Even full compliance with the case plan is not determinative; the issue is whether the parent has become a stable, safe parent able to care for his or her child.  *Camarillo-Cox v. Ark. Dep't of Human Servs.*, 360 Ark. 340, 201 S.W.3d 391 (2005); *Cole v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 203, 394 S.W.3d 318; *Tucker, supra*.  A parent's past behavior is often a good indicator of future behavior. *Stephens v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 249, 427 S.W.3d 160.  Termination of parental rights is an extreme remedy and in derogation of a parent's natural rights;

however, parental rights will not be enforced to the detriment or destruction of the health and well-being of the child. *Pine, supra.*

The standard of review in appeals of termination of parental rights is de novo, but we reverse a trial court's decision to terminate parental rights only when it is clearly erroneous. *Ullom v. Ark. Dep't of Human Servs.*, 340 Ark. 615, 12 S.W.3d 204 (2000); *Mitchell v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 715, 430 S.W.3d 851; *Brewer v. Ark. Dep't of Human Servs.*, 71 Ark. App. 364, 43 S.W.3d 196 (2001). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a distinct and firm conviction that a mistake was made. *Wade v. Ark. Dep't of Human Servs.*, 337 Ark. 353, 990 S.W.2d 509 (1999); *Knuckles v. Ark. Dep't of Human Servs.*, 2015 Ark. App. 463, 469 S.W.3d 377; *Hopkins v. Ark. Dep't of Human Servs.*, 79 Ark. App. 1, 83 S.W.3d 418 (2002).

In this case, the trial court found that two statutory grounds defined in Arkansas Code Annotated section 9-27-327(b)(3)(B) had been proved to support terminating appellant's parental rights. Those grounds were (1) the "aggravated circumstances" ground, and (2) the "other factors" ground. It is these findings that are challenged on appeal. Appellant does not contest the "best interest" finding made by the trial judge. If either ground found by the trial court to be supported by clear and convincing evidence is not clearly erroneous, we are compelled to affirm.

The Juvenile Code describes the "other factors" ground as when other factors or issues arise subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the child in the custody of the parent is contrary to the child's

health, safety, or welfare, and that despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances, preventing the return of custody to the parent. *See* Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)*(a)*. Here, the trial court found that appellant had demonstrated a pattern of instability, refused to address his substance-abuse issues, was uncooperative with DHS, and failed to comply with the case plan and case orders, such that despite the offer of services, he was incapable of, or indifferent to, remedying the subsequent issues. The Juvenile Code describes the "aggravated circumstances" ground as when a parent has subjected the child to abandonment, chronic abuse, extreme or repeated cruelty, sexual abuse, or when a trial judge determines that there is little likelihood that services to the family will result in a successful reunification. *See* Ark. Code Ann. § 9-27-341(b)(3)B)(ix)*(a)*. Here, the trial court found that there was little likelihood that additional services would result in appellant reunifying with HS.

The evidence showed that there had been a prior finding of inadequate supervision as to HS's parents in August 2013. Both parents admitted to regular use of methamphetamine, but a case was not opened because DHS could not locate the family. The present case was opened when HS was taken into DHS custody in February 2014, after being summoned by law enforcement to appellant's residence in Conway. The case was open for the next year and a half. The hearing on DHS's petition to terminate parental rights was conducted in August 2015, and the order on appeal was filed in September 2015.

The primary concern with appellant was a substance-abuse problem, mainly methamphetamine use. Appellant maintained that he did not have a drug problem

and that he did not need drug treatment. Other concerns were appellant's sporadic attendance to supervised visitation, his failure to maintain contact with DHS, his failure to attend drug treatment, his pending felony charges, his lack of a valid driver's license, and his lack of stable housing and employment. Appellant had five positive drug tests for methamphetamine over the course of this DHS case. Appellant did have one negative hair-follicle test in the days leading up to the termination hearing. The judge found that appellant's failure to attend inpatient rehabilitation or NA/AA meetings was a major factor in this case, and given his denial of any drug problem, there were no additional services to provide appellant in order to successfully reunify appellant with his daughter.

Appellant's argument as to "aggravated circumstances" focuses on his single negative hair-follicle test prior to the termination hearing, which he says shows three months of sobriety. He adds that the trial court found him in partial compliance over the course of this case, having recently acquired an appropriate home and a job as well as having completed parenting classes and counseling. His compliance with the case plan in these respects, he argues, shows that it was wrong to conclude that there was little likelihood that further services would result in successful reunification with HS. We disagree.

Appellant was given approximately eighteen months of DHS intervention and services designed to address his instability and drug addiction. Although appellant tested positive for methamphetamine five times, he continued to deny that he had a drug problem. In spite of his completion of some services, the primary issue remained unresolved. The issue was whether appellant had become a stable, safe parent with the ability to care for his child. *Camarillo-Cox, supra.* A parent's past behavior is often a good indicator of future

behavior. *Stephens, supra.* A child's need for permanency and stability may override a parent's request for more time to improve the parent's circumstances. *Knuckles v. Ark. Dep't of Human Servs.*, 2015 Ark. App. 463, 469 S.W.3d 377; *Loveday v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 282, 435 S.W.3d 504. The trial court did not clearly err in finding that there was little likelihood that further services would result in appellant successfully reunifying with the child. *Compare McKinley v. Ark. Dep't of Human Servs.*, 2015 Ark. App. 475, 471 S.W.3d 209; *Henson v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 225, 434 S.W.3d 371. Because only one statutory ground is required to be proved, we need not discuss the alternative statutory ground relied on by the trial court in terminating appellant's parental rights. *Loveday, supra.*

We affirm.

VIRDEN and BROWN, JJ., agree.

*Lightle, Raney, Streit & Streit, LLP*, by: *Jonathan R. Streit*, for appellant.

*Jerald A. Sharum*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor child.