Cite as 2022 Ark. App. 63

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-21-406

|  |  |  |  |
|---|---|---|---|
| | | **Opinion Delivered** February 9, 2022 | |
| CARRIANNE HENRY | | | |
| | APPELLANT | APPEAL FROM THE CARROLL COUNTY CIRCUIT COURT, EASTERN DISTRICT [NO. 08EJV-19-31] | |
| V. | | | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD | | HONORABLE SCOTT JACKSON, JUDGE | |
| | APPELLEES | AFFIRMED | |

## N. MARK KLAPPENBACH, Judge

Carrianne Henry appeals from the June 2021 order of the Carroll County Circuit Court terminating her parental rights to her daughter, AH. Appellant alleges on appeal that the Arkansas Department of Human Services (DHS) offered insufficient proof of a statutory ground to support the termination of her parental rights. We affirm the circuit court's order.

This DHS case started in March 2019 when AH, then five years old, was found alone along a highway chasing her dog while her mother was drunk and passed out behind the wheel of her car with vodka next to her. Appellant was arrested for DWI and endangering the welfare of a minor. She admitted to DHS that she had been using methamphetamine.

AH was initially placed with her father, Jason Henry,[1] but DHS learned he was also a methamphetamine user and not an appropriate caretaker, so in April 2019, DHS took emergency custody of AH. In May 2019, the circuit court adjudicated AH dependent-neglected due to failure to protect, inadequate supervision, and threat of harm. The circuit court ordered the parents to obtain and maintain stable housing, income, and transportation; visit regularly; participate in parenting classes; submit to drug-and-alcohol assessments, drug screens, psychological evaluations, and counseling; and attend NA/AA meetings. The court also ordered appellant to resolve all her criminal charges.

After a November 2019 review hearing, the court found appellant in partial compliance with the case plan and court orders, and it found DHS had made reasonable efforts, such as offering foster-care placement, community resource referrals, visitation, home visits, case management, and medical care. After another review hearing in December 2019, the circuit court found appellant to be in partial compliance. DHS was again found to have made reasonable efforts, offering such services as substance-abuse treatment, random drug screens, parenting classes, foster-care placement, community resource referrals, a psychological evaluation, domestic-violence education, individual counseling, visitation, home visits, case management, and medical services.

At the permanency-planning hearing conducted in August 2020, the circuit court found appellant in minimal compliance with the case plan and court orders in that she had inappropriate housing, had been incarcerated multiple times, failed to complete the

[1]Jason Henry's parental rights were also terminated in these proceedings, but he is not a party to this appeal.

recommendations of her drug-and-alcohol assessment and psychological evaluation, failed to attend mental-health counseling, failed to obtain transportation, continued to have legal issues, refused drug screens, and was inconsistent with visitation. The court again found that DHS had provided reasonable services including counseling, transportation, home visits, referrals for services, parenting classes, visitation, and mental-health services.

In January 2021, DHS and AH's attorney ad litem filed a joint petition to terminate parental rights. After a February 2021 review hearing, appellant was found noncompliant with the case plan and court orders. Appellant had been jailed again, and she continued to use methamphetamine. She left residential treatment. The court found again that DHS had made reasonable efforts and provided numerous services toward the goal of reunification.

The termination hearing was conducted over two days in April 2021. Appellant said she had a home with her husband, Jason Henry, but that the home did not have electricity. She said there was sometimes domestic violence between her and her husband and that he called her names and acted sexually inappropriately. Appellant remained unemployed. She admittedly had periods of being jailed during this case; she admittedly used methamphetamine two days before this hearing. She did not complete drug rehabilitation but said she wanted a place that would address her dual diagnoses, meaning her mental problems as well as her drug problems. Appellant said she had been diagnosed as a hoarder with borderline personality disorder and generalized anxiety. She was not medicated during her time in jail and was not medicated at the termination hearing. She said that lack of medication made her feel confused and unable to focus. She believed that methamphetamine helped her to focus.

3

A substance-abuse counselor at Ozark Guidance testified that she discharged appellant from care due to lack of engagement. The therapist assigned to work with both parents noted that appellant acknowledged that there was domestic violence and substance abuse in their home. A DHS worker assigned to supervise visitation with AH remarked that one time appellant ran from visitation to a Wal-Mart, and this DHS worker also witnessed the cluttered and unsafe condition of appellant's home.

DHS's family service worker detailed the history of this case and acknowledged that appellant sometimes had difficulty accessing her medications. She testified that appellant was on only one mental-health medication for anxiety (Xanax). She was aware that appellant's other medications would be paid by her insurance, and they tried to work with her doctor and medical provider to help her get those medicines. The family service worker also asked appellant to find out the cost of the medicines to see if DHS might be able to help, but appellant never responded to her request. The family service worker also noted that appellant left inpatient substance-abuse treatment after two weeks, complaining about the program and complaining that the patients were not well fed at the facility. The family service worker listed all the help that DHS offered to appellant and summed up her testimony by saying there were no further services that DHS could offer appellant to help her with reunification.

The circuit court found by clear and convincing evidence that (1) it was in AH's best interest that parental rights be terminated, and (2) DHS had proved two statutory grounds to support termination of appellant's parental rights. As to the statutory ground often called "failure to remedy," the court found AH had been adjudicated dependent-neglected, had

4

continued out of the home for more than twelve months, and despite meaningful and active efforts by DHS to rehabilitate the home and correct the conditions that caused removal, those conditions were not remedied by the parents. Ark. Code Ann. § 9-27-341(b)(3)(B)(i). (Supp. 2021). As to the statutory ground often called "aggravated circumstances," the court found that AH had been subjected to aggravated circumstances in that there was little likelihood that further services would result in reunification. Ark. Code Ann. § 9-27-341(b)(3)(B)(ix). The overarching finding by the circuit court was its assessment that the parents had chosen methamphetamine over their daughter.

We review termination-of-parental-rights cases de novo but do not reverse unless the circuit court's findings are clearly erroneous. *Swangel v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 197, 547 S.W.3d 111. To terminate parental rights, a circuit court must find by clear and convincing evidence at least one termination ground, and it also must find that termination is in the juvenile's best interest by considering the likelihood that the juvenile will be adopted and the potential harm that could be caused to the juvenile if returned to the parent. *Scott v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 347, 552 S.W.3d 463. Clear and convincing evidence requires a "degree of proof that will produce in the finder of fact a firm conviction of the allegation sought to be established." *Id*. at 10, 552 S.W.3d at 469. Appellate courts give great weight to the circuit court's ability to judge a witness's credibility. *Id*.

Only one ground is necessary to terminate parental rights. *Kohlman v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 164, 544 S.W.3d 595. In contesting the circuit court's finding of "aggravated circumstances," appellant argues that she was never offered meaningful

services to address the issues that caused AH to come into DHS's care. More specifically, appellant contends that DHS did not provide her mental-health medication and treatment at the same time she was attempting to address her sobriety issues, which prevented her from being able to achieve reunification. From our de novo review of this record, appellant's allegation is simply inaccurate.

Despite the reasonable efforts and appropriate services provided by DHS for the two years this case was open, appellant did not obtain any true benefit from DHS's services. *See Jones v. Ark. Dep't of Hum. Servs.*, 2019 Ark. App. 299, 578 S.W.3d 312. A parent's continued inability to protect and care for his or her child and failure to benefit from the services provided demonstrate little likelihood that further services will result in a successful reunification. *See Best v. Ark. Dep't of Hum. Servs.*, 2020 Ark. App. 485, 611 S.W.3d 690; *Bentley v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 374, 554 S.W.3d 285. After two years of DHS intervention and the provision of a multitude of services, appellant did not demonstrate that she could consistently provide a stable, safe, and appropriate environment for AH. *See Selsor v. Ark. Dep't of Hum. Servs.*, 2017 Ark. App. 182, 516 S.W.3d 314; *Shaffer v. Ark. Dep't of Hum. Servs.*, 2016 Ark. App. 208, 489 S.W.3d 182.

Appellant was jailed on and off throughout this two-year DHS case. She was offered inpatient and outpatient drug treatment, individual and family counseling, and she failed to apply herself to those programs. Appellant did not engage with DHS's offers to assist with housing or employment, she did not respond to DHS's efforts to determine what medications it might be able to help her acquire, and she refused, altered, or tested positive

for most of the drug screens. She remained in a tumultuous and sometimes abusive relationship with her husband, who was also a methamphetamine user.

After our de novo review of this evidence, we hold that the circuit court did not clearly err in finding that DHS proved that appellant subjected AH to aggravated circumstances. Only one statutory ground is required to be proved, so we do not address the "failure to remedy" ground. Consequently, we affirm the termination of appellant's parental rights to AH.

Affirmed.

HARRISON, C.J., and HIXSON, J., agree.

*Tabitha McNulty*, Arkansas Commission for Parent Counsel, for appellant.

*Ellen K. Howard*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

*Dana McClain*, attorney ad litem for minor child.