Cite as 2026 Ark. App. 17

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-25-422

| | |
|---|---|
| | Opinion Delivered January 14, 2026 |
| JESSE SPAAR | |
| | APPEAL FROM THE FAULKNER |
| APPELLANT | COUNTY CIRCUIT COURT |
| | [NO. 23JV-23-279] |
| V. | |
| | |
| ARKANSAS DEPARTMENT OF | HONORABLE DAVID M. CLARK, JUDGE |
| HUMAN SERVICES AND | |
| MINOR CHILDREN | AFFIRMED; MOTION TO |
| | WITHDRAW GRANTED |
| APPELLEES | |

**STEPHANIE POTTER BARRETT, Judge**

Appellant, Jesse Spaar, appeals from a Faulkner County Circuit Court order terminating his parental rights to his two children, Minor Child 3 (MC3) (DOB 09/04/23) and Minor Child 4 (MC4) (09/04/23).[1] Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Rule 6-9(j) of the Rules of the

---

[1]Spaar has two other children, Minor Child 1 (MC1) (DOB 07/27/22) and Minor Child 2 (MC2) (DOB 07/27/22). MC3 and MC4 entered the Department's custody after MC1 and MC2 were removed from Spaar's custody. Therefore, MC3 and MC4's case proceeded under a separate case number. However, both cases were heard together at a single termination hearing, but two separate termination orders and two separate notices of appeal were subsequently filed.

The circuit court also terminated the parental rights of MC3 and MC4's mother, Patrisha Brewer; however, she is not a party to this appeal.

Arkansas Supreme Court and Court of Appeals, Spaar's appellate counsel has filed a no-merit brief and a motion to withdraw asserting there is no issue of arguable merit to raise on appeal.[2] The clerk of this court provided Spaar with a copy of his counsel's brief and notified him of his right to file a pro se statement of points for reversal, which Spaar has not done. We affirm the termination of Spaar's parental rights and grant counsel's motion to withdraw.

I. *Relevant Facts*

On September 8, 2023, the Arkansas Department of Human Services ("the Department") filed a petition for ex parte emergency custody and dependency-neglect in the Faulkner County Circuit regarding Spaar, Patrisha Brewer, and their children, MC3 and MC4, after the Department exercised a seventy-two-hour hold on the minor children. At the time of the hold, MC3 and MC4 were only four days old and were in the neonatal intensive care unit at UAMS because they were born prematurely. When the hold was placed on MC3 and MC4, Spaar was being held on bond for pending criminal charges of rape, sexually grooming a child, and six counts of child endangerment. The Department placed a hold on MC3 and MC4 due to (1) an open dependency-neglect case regarding MC3 and MC4's siblings; (2) concerns about Brewer maintaining contact with Spaar; and (3) concerns about Brewer's ability to care for the children. On September 11, 2023, the circuit court granted the Department's request for emergency custody. The circuit court's ex parte order for emergency custody found there was probable cause that MC3 and MC4 were dependent-

---

[2]This case is the companion to *Spaar v. Arkansas Department of Human Services*, 2026 Ark. App. 16, ___ S.W.3d ___, also handed down today.

neglected, and MC3 and MC4 were ordered to be immediately removed from the custody of Brewer and placed into the custody of the Department.[3]

On September 12, 2023, the circuit court held a probable-cause hearing where it found probable cause continued to exist, and it was necessary and in the best interest of MC3 and MC4 to remain in the Department's custody.

On October 6, 2023, the circuit court held an adjudication hearing and found by a preponderance of the evidence that MC3 and MC4 were dependent-neglected on the basis of the parties' stipulation that the allegations in the petition for ex parte emergency custody and dependency-neglect were true.

On January 9, March 5, June 4, and July 30, 2024, the circuit court held review hearings and found the goal to be reunification with a concurrent goal of adoption. During each hearing, the circuit court found Spaar not in compliance with the case plan and court orders because he was incarcerated.

The circuit court held a permanency-planning hearing on August 20, 2024, and found the goal of reunification with the concurrent goal of adoption still appropriate. Since Spaar was still incarcerated, the circuit court found Spaar, again, noncompliant with the case plan and court orders.

---

[3]The Department exercised emergency custody of MC1 and MC2 in the companion case on March 7, 2023, and filed a petition for ex parte emergency custody and dependency-neglect on March 8. Even though that case is separate from the case involving MC3 and MC4, the two cases share common issues and goals.

A fifteen-month review hearing was held by the circuit court on November 5, 2024. The goal was changed from reunification to adoption. The circuit court again found Spaar noncompliant with the case plan and court orders because he was still incarcerated.

On January 15, 2025, the Department filed a petition for termination of parental rights listing four statutory grounds: (1) failure to remedy; (2) subsequent factors; (3) prison sentence for a substantial period of the children's lives; and (4) aggravated circumstances. *See* Ark. Code Ann. § 9-27-341(b)(3)(B).

After various continuances, a joint termination hearing was held regarding MC1, MC2, MC3, and MC4 on April 8, 2025. Because the testimony and evidence presented at the termination hearing is thoroughly outlined in the companion case, we do not restate it here. *See Spaar v. Ark. Dep't of Hum. Servs.*, 2026 Ark. App. 16, ___ S.W.3d ___.

On April 28, 2025, the circuit court filed a termination order reflecting its ruling that it is in the best interest of MC3 and MC4 for Spaar's parental rights to be terminated; and the statutory grounds of failure to remedy, other subsequent factors, prison sentence for a substantial portion of the children's lives, and aggravated circumstances were satisfactorily proved.

This no merit appeal followed.

II. *Analysis*

To terminate parental rights, a circuit court must find clear and convincing evidence as to one or more of the grounds for termination listed in Ark. Code Ann. § 9-27-

4

341(b)(3)(B).[4] *Trogstad v. Ark. Dep't of Hum. Servs.*, 2020 Ark. App. 443, 609 S.W.3d 661. The circuit court must also find by clear and convincing evidence that termination is in the best interest of the juvenile, taking into consideration (1) the likelihood the juvenile will be adopted if the termination petition is granted; and (2) the potential harm, specifically addressing the effect on the health and safety of the child, caused by returning the child to the custody of the parent. Ark. Code Ann. § 9-27-341(b)(3)(A)(i)&(ii).

In this no-merit brief, counsel asserts that after a conscientious review of the record, there are no issues of arguable merit for appeal. Here, the court terminated Spaar's parental rights on the following grounds: (1) failure to remedy; (2) subsequent factors; (3) prison sentence for a substantial portion of the children's lives; and (4) aggravated circumstances. Counsel only argues the prison sentence ground in her brief, asserting it was the strongest factor relied on by the court, and counsel need only address one ground because only one ground is necessary for termination.

Because only one statutory ground is required to be proved, we will focus on the circuit court's finding that Spaar received a criminal sentence covering a substantial period of the minor children's lives. We will not address the alternative statutory grounds relied on by the circuit court in terminating Spaar's parental rights. *See Shaffer v. Ark. Dep't of Hum. Servs.*, 2016 Ark. App. 208, 489 S.W.3d 182. Under Arkansas Code Annotated section 9-27-

---

[4]The applicable Juvenile Code was repealed by Act 518 of 2025 and recodified at Arkansas Code Annotated sections 9-35-301 to -337 et seq. (Supp. 2025). However, the legislative changes were not in effect when the order on appeal was entered. Therefore, the previous version of the Code is relied on in this case and referenced throughout this opinion.

341(b)(3)(B)(viii), a ground for termination is if a parent is sentenced in a criminal proceeding for a period of time that would constitute a substantial period of the child's life. Termination of parental rights is warranted if the parent is sentenced to a criminal proceeding for a period of time that would constitute a substantial period of the minor child's life. *Edwards v. Arkansas Dept. of Human Services*, 2016 Ark. App. 37, 480 S.W.3d 215, 222. The prison sentence governs, not the potential release date, to determine if this statutory ground is satisfied. *Id.* Spaar testified at the hearing that he was serving a life sentence, and the sentencing order for Spaar's correlating criminal case was entered into evidence at the hearing. It is clear Spaar's life sentence will cover a substantial portion of the children's life. Therefore, the circuit court had sufficient evidence to support this ground and did not err in its finding. There is no meritorious basis to reverse the circuit court.

As for the best interest portion of Spaar's argument, it is identical to that addressed in the companion case decided today; therefore, we find it unwarranted to reiterate it here. This court's analysis and conclusions are set forth in the companion case and are adopted herein. *See Reynolds v. Ark. Dep't of Hum. Servs.*, 2023 Ark. App. 293. Accordingly, we grant counsel's motion to withdraw and affirm the termination of appellant's parental rights as to MC3 and MC4.

Affirmed; motion to withdraw granted.

VIRDEN and THYER, JJ., agree.

*Jennifer Oyler Olson*, Arkansas Commission for Parent Counsel, for appellant.

One brief only.